IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS HILL, et. al., | : | No. 4:CV 01-744 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CITY OF SCRANTON and | : | |
| JAMES P. CONNORS, Individually | : | |
| and as Mayor, City of Scranton | : | |
| Defendants | : | |

**ORDER**

**September 27, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants City of Scranton and James P. Connors' ("Defendants") Motion for Attorneys Fees Pursuant to § 12205 of the ADA ("the Motion") (doc. 112) against Plaintiff Donald Hickey ("Plaintiff" or "Hickey"), filed on January 22, 2003. For the following reasons, Defendants' Motion will be denied.

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**:

In December of 2001, Hickey, a police officer employed by the City of Scranton, filed an amended complaint (doc. 36) alleging Defendants violated the Americans with Disabilities Act (the "ADA") by failing to reasonably accommodate

Hickey, who suffered from "stomach problems." Hickey claimed that Defendants denied him a reasonable accommodation by refusing to allow Hickey to reside outside of the City of Scranton.

On September 27, we granted summary judgment ("Summary Judgment Order") on Plaintiff's ADA claim in favor of Defendants. (Rec. Doc. 90). By Order dated January 8, 2003 (docs. 110 and 111)("Final Judgment Order") this Court entered final judgment against Plaintiff in favor of Defendants on all of his claims in this action, including a claim brought under the American with Disabilities Act, 42 U.S.C. § 12101, et seq. On January 22, 2003, Defendants filed the instant Motion against Plaintiff Hickey for attorney's fees pursuant to § 12205 of the ADA. The motion has been fully briefed and is therefore ripe for review.

## DISCUSSION

### A. TIMELINESS OF THE MOTION

Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a party may move for an award of attorney fees within fourteen days after the entry of judgment. Rule 54(a) defines "judgment" as any order from which an appeal lies. Pursuant to Rule 54(b), in actions involving multiple claims or parties:

> "any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . .is subject to revision

> at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties."

Therefore, until the court enters final judgment in a multiple claim or party case, any orders previously entered in the case are not appealable.

Plaintiff filed an appeal from the Summary Judgment Order (doc. 90) on October 23, 2002, prior to the Final Judgment Order. (Rec. Doc. 103). At the date of filing, the Summary Judgment Order (doc. 90) was technically not appealable because fewer than all the claims had been adjudicated by this Court and final judgment in the matter had not been entered. See Fed.R.Civ.Pro. 54(b). In response to Plaintiff's appeal of the Summary Judgment Order (doc.90), we entered the Final Judgment Order (doc. 110). By virtue of the Final Judgment Order, Plaintiff's appeal to the Third Circuit Court of Appeals was protected from dismissal.[1]

Based on the foregoing analysis, the instant Motion was timely filed on January 22, 2003.[2] The Summary Judgment Order (doc. 90) of September 26, 2002 was not

---

[1] The Final Judgment Order (doc. 110) clearly states that the Summary Judgment Order was *not* appealable, however in an effort to protect Plaintiffs' appeal from being dismissed by the Third Circuit Court of Appeals on a procedural technicality, we entered final judgment. We would be remiss in our judicial duties if we held this generosity extended to Plaintiffs against the Defendants in the instant Motion.

[2] To be sure, Plaintiff's argument that the Motion was filed under the wrong docket number is completely without merit, and being such, shall only be treated in a footnote. On July 15, 2001, Plaintiff's case, docket number 01-cv-0653 was consolidated into the above-captioned matter, docket number 01-0744. At the point of consolidation the case numbered 01-cv-0653 ceased to exist. Therefore, Defendants filed the instant Motion under the appropriate docket number.

appealable as of that date, namely because Plaintiff Murray's claims were not disposed of in that Order. Rather, Defendants' counsel properly waited until after final judgment was entered on January 8, 2002 to file the instant Motion to collect attorneys fees.

**B. LEGAL MERIT OF THE MOTION**

Pursuant to 42 U.S.C. § 12205 (2005), a court may, in its discretion, award attorneys fees to the prevailing party in an ADA action. A prevailing defendant may recover fees if it can show that the plaintiff's suit was "frivolous, unreasonable or without foundation." Rivera v. City of Philadelphia, 1998 U.S. Dist. LEXIS 1749 at *8 (E.D. Pa. 1998)(quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). In order to award fees, a court need not find subjective bad faith on the part of the plaintiff. See Christianburg Garment, 434 U.S. at 422.

To establish a prima facie case of discrimination under the ADA, a plaintiff must first present evidence to show that he is a "qualified individual with a disability." 42 U.S.C. § 12112(a). It follows that the first logical step in the analysis of an ADA claim is to determine whether the plaintiff indeed has a disability. In our Summary Judgment Order (doc. 90) we disposed of Hickey's ADA claim by finding that he did not produce sufficient evidence to show that he was disabled. However, the failure of Hickey's ADA claim does not automatically signal an award of attorneys fees for Defendants.

It is and was our finding that Hickey's stomach problems did not rise to the level of a disability; namely that his physical impairment did not substantially limit one or more major life activities.[3] See 29 U.S.C. § 704(9)(b)(the ADA follows the definition of disability found in the Rehabilitation Act of 1973). However, we are satisfied from Hickey's testimony that he suffered from a bothersome stomach ailment. Furthermore, Hickey testified that two fellow police officers were granted residency waivers. Possessed with this knowledge, it was not unreasonable for Hickey to request a like waiver as a reasonable accommodation from the Defendants. Based on these facts, we cannot state with certainty that Hickey's ADA claim was frivolous, unreasonable or without merit, nor may we award Defendants attorneys fees expended on litigating the ADA claim.

Based on the foregoing analysis, Defendants' Motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants' Motion (doc. 112) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge

[3] Plaintiff argues that he established a prima facie case of an ADA failure to accommodate claim (Rec. Doc. 130 at 8). Clearly, Plaintiff *did not* establish a prima facie case, as summary judgment was granted in favor of Defendant (Rec. Doc. 90).