IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS HILL, et. al., | : | No.  4:CV 01-744 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CITY OF SCRANTON and | : | |
| JAMES P. CONNORS, Individually | : | |
| and as Mayor, City of Scranton | : | |
| Defendants | : | |

## ORDER

### March 7, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants' Motion in Limine ("the Motion")

(doc. 243) filed on February 15, 2006.  In the Motion, Defendants request various

rulings concerning the admissibility of certain evidence at trial.  This trial is

currently scheduled to begin on April 5, 2006.

**DISCUSSION**:

**A.      Motion in Limine to Prohibit Plaintiffs from Presenting
Calculations of Front Pay Damages to the Jury**

Defendants move this Court to prohibit the Plaintiffs from presenting their

own testimony as evidence of front pay damages to the jury at trial.  The Defendant

argues that the Plaintiffs' own calculations will provide no basis for the jury to

1

determine a reasonable time period for an award of front pay.[1]

It is well settled that expert testimony is not required to present evidence of front pay damages to a jury.  See Shesko v. City of Coatesville, 324 F. Supp. 2d 643, 651 (E.D. Pa. 2004).  "[T]he risk of lack of certainty with respect to projections of lost income must be borne by the wrongdoer, not the victim."  Id. (citing Bartek v. Urban Redevelopment Authority of Pittsburgh, 882 F. 2d 739, 746 (3d Cir. 1989).  Therefore, we will deny this Motion in Limine and allow the Plaintiffs to present to the jury lay evidence of front pay damages calculations.  The Defendants will be afforded appropriate latitude on cross-examination of the Plaintiffs to fully explore the basis of their individual damage calculations.

### B.   Motion in Limine to Preclude Plaintiffs from Presenting Any Evidence to the Jury Concerning the Facts, Circumstances or Verdict in the Murray Trial

Defendants argue that we should preclude the Plaintiffs from presenting any evidence concerning the trial in the matter of *Murray v. City of Scranton*, 4:01-CV-744, that was held before this Court in June of 2003.  Defendants argue that the facts, circumstances and verdict in the *Murray* trial are not relevant, and if admitted, could potentially prejudice and confuse the jury.  Plaintiffs argue that the

---

[1] We will note that, as discussed during the pre-trial conference of this matter, the Court believes that the appropriate end point for front pay would be no later than any mandatory retirement date as expressed in the prevailing collective bargaining agreement.

Plaintiff in *Murray* is a similarly situated person to the Plaintiffs and therefore any evidence concerning his trial is clearly relevant to the instant trial.

While we decline to place a blanket prohibition on Plaintiffs from introducing evidence about the *Murray* trial in the instant trial, we caution Plaintiffs that we will not allow them to introduce wholesale evidence of the *Murray* trial to the jury.  As we cannot anticipate exactly what evidence concerning the *Murray* trial that Plaintiffs intend to introduce, we shall defer a ruling on this Motion in Limine until trial.[2]

### C.      Motion in Limine to Preclude Plaintiffs from Introducing Evidence about Golf Course or Summer Employees

Defendants move this Court to preclude the Plaintiffs from presenting evidence concerning golf course or summer employees because the United States Court of Appeals for the Third Circuit ruled that neither of these groups are subject to the residency ordinance.

The law of the case doctrine requires a trial court, on remand, to "proceed in

---

[2] Plaintiffs appear to argue that because we permitted the *Murray* jury to learn that the cases sub judice were at the time of that trial dismissed by the Court, this fact militates in favor of allowing introduction in this case of an ancillary case that was decided in favor of a terminated employee of the City of Scranton.  We do not necessarily agree that this should be the case, and view the circumstances in these cases as distinct.  Thus, while certain facts revealed in the *Murray* trial may be relevant here, we will not under any circumstances allow a wholesale introduction of the result in that trial into the record of this trial.  The prejudice that would result clearly outweighs any probative value in its introduction.

accordance with the mandate and the law of the case as established on appeal."

Bankers v. Trust Co. v. Bethlehem Steele Corp., 761 F.2d 943, 949 (3d Cir. 1985).

The purpose of the law of the case doctrine is "to maintain consistency and avoid

reconsideration of matters once decided during the course of a single continuing

lawsuit."  Paul v. The Hearst Corporation, 261 F. Supp. 2d 303, 305 n. 4 (M.D. Pa.

2002)(Kane, J.)

   In its Memorandum Opinion issued in *Hill, et. al, v. City of Scranton, et. al*,

Nos. 02-3833/3988 & 03-1377 on June 9, 2005, the Third Circuit noted that neither

the golf course employees or the temporary summer employees were subjected to

the residency ordinance and therefore the "officers cannot reasonably argue that

any of these employees are 'similarly situated' to them."  (Rec. Doc. 216, Ex. 2 at

16-17, n. 15).  Therefore, we will grant the Defendants' Motion in Limine and

preclude the Plaintiffs from offering evidence concerning the golf course or

temporary summer employees.

### D.   Motion in Limine to Limit Plaintiff's Evidence and Arguments Concerning Punitive Damages

   Defendants seek to have us limit Plaintiff's arguments and evidence of

punitive damages as against Mayor Connors in his personal capacity.  Plaintiffs

concede that they can only receive punitive damages against Mayor Connors in his

individual capacity and state that they will pursue that claim accordingly.

4

Therefore, this Motion in Limine is granted, and Plaintiffs shall limit their punitive damages evidence and arguments as against Mayor Connors in his individual capacity only.

> ### E.   Motion in Limine to Preclude Plaintiffs from Offering Hearsay Statements from Ray Mountford

Defendants move this Court to preclude Plaintiffs from offering testimony from Ray Mountford ("Mountford"), an investigator hired by the City of Scranton to gather evidence concerning the actual residency of certain City employees, that an unidentified declarant told him that Donald Pettinato ("Pettinato"), another City police officer, lived outside the City and would not be moving back.  Defendants argue that because Mountford cannot identify the declarant, the statement is inadmissible.  Defendants also argue that Plaintiffs should be precluded from making reference to a written statement in Mountford's notes concerning his investigation of Pettinato which states "Jarbola sister or sister-in-law."  Defendants reference our prior ruling in the *Murray* case where we ruled that the written note about District Attorney Jarbola was irrelevant and inadmissible.

Our review of the record reveals that in the *Murray* trial a rather searching examination of Mountford by Plaintiff's counsel was permitted without any substantial objection by Defendants' counsel.  The notable exception involved a line of questioning by Murray's counsel that as noted involved Lackawanna

County District Attorney Jarabola.  As Plaintiffs argue, and as Defendants

obviously perceived in the *Murray* trial, Mountford is an agent of Defendants who

took notes and prepared reports in furtherance of his duties.  He is thus an

extension of Defendants and can be fully questioned about his findings.  However,

it was our belief in *Murray*, as it relates to the Jarabola issue, that Plaintiff's

counsel was endeavoring to engage in speculation, without any foundation

whatsoever, as to political influence in favor of a similarly situated employee.  If

this line of questioning is again attempted without foundation, a timely objection to

it will be sustained and such examination will be prohibited.

### F.   Motion in Limine to Preclude Plaintiffs Hill and Hickey from Offering Evidence that they were Compliant with the Residency Ordinance

Defendants argue that Plaintiffs Hill and Hickey[3] should be precluded from

offering any evidence that they were in fact compliant with the Residency

Ordinance because the United States Court of Appeals for the Third Circuit has

stated that "on this record, no reasonable fact finder could conclude that either Hill

or Hickey came into compliance within the time period provided by the City."

(Rec. Doc.  216, Ex. 2 at 19).  However, the record between when the Third Circuit

---

[3] We note that Plaintiff Hickey's action has been stayed, however, in the interest of judicial economy and in anticipation of a future trial on Plaintiff Hickey's claims, our ruling with respect to this portion of Defendants' Motion will control as to Hickey's now severed action as well.

viewed this action and the present may well have been further developed due to the

passage of time.  Therefore, although we are uncertain whether there has been

additional evidence revealed since the Third Circuit's mandate, we cannot preclude

Plaintiffs from offering such evidence to the extent that it was not before that

tribunal to show that Hill or Hickey were compliant with the residency ordinance.

We will accordingly deny the Motion in Limine in this respect; however, we

caution Plaintiffs that any evidence that they intend to introduce with respect to

compliance must clearly be outside of the referenced Third Circuit record.

### G.   Motion in Limine Regarding Severed Trials

In the event that the claims of the Plaintiffs were tried to separate juries,

Defendant sought to have us prohibit the Plaintiffs from presenting to the jury facts

and circumstances concerning the termination of the other Plaintiffs.  In light of the

fact that cases Plaintiffs Hill and Graham will be tried together to the same jury,

this Motion in Limine is dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Defendant's Motion in Limine (doc. 243) is GRANTED in part,

DENIED in part, DEFERRED in part, and DISMISSED as MOOT in

part to the following extent:

A.   Defendants' Motion in Limine to Prohibit Plaintiffs from
Presenting Calculations of Front Pay Damages to the

Jury is DENIED.

B.      Defendants' Motion in Limine to Preclude Plaintiffs from Presenting Any Evidence to the Jury Concerning the Facts, Circumstances or Verdict in the Murray Trial is DEFERRED.

C.      Defendants' Motion in Limine to Preclude Plaintiffs from Introducing Evidence about Golf Course or Summer Employees is GRANTED.

D.      Defendants' Motion in Limine to Limit Plaintiff's Evidence and Arguments Concerning Punitive Damages is GRANTED.

E.      Defendants' Motion in Limine to Preclude Plaintiffs from Offering Hearsay Statements from Ray Mountford is DENIED, save for the anticipated "Jarabola testimony," and it is GRANTED only to that extent.

F.      Defendants' Motion in Limine to Preclude Plaintiffs Hill and Hickey from Offering Evidence that they were Compliant with the Residency Ordinance is DENIED.

G.      Defendants' Motion in Limine Regarding Severed Trials is DISMISSED as MOOT.

s/ John E. Jones III
John E. Jones III
United States District Judge